# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *  *
CHRISTOPHER LOVING              *
and CARLA LOVING,               *       No. 02-469V
parents of CAMILLE LOVING,      *       Special Master Christian J. Moran
                                *
           Petitioners,          *
                                *       Filed: September 10, 2014
v.                              *
                                *
SECRETARY OF HEALTH             *       Attorneys' fees and costs;
AND HUMAN SERVICES,             *       interim award; award in the amount
                                *       to which respondent does not object.
           Respondent.           *
                                *
* * * * * * * * * * * * * * * * * * *  *
```

William Dobreff, Dobreff & Dobreff, Clinton Township, MI, for Petitioners;
Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On May 5, 2002, Christopher and Carla Loving filed a petition for compensation on behalf of their daughter, Camille Loving, alleging that the diphtheria tetanus-acellular pertussis ("DTaP") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a), and which Camille received on December 5, 2000, and March 27, 2001, significantly aggravated Camille's pre-existing infantile spasms and caused her to suffer a seizure disorder

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

and developmental delays.  After extensive proceedings, petitioners were awarded compensation pursuant to the parties' stipulation.  <u>Decision</u>, 2013 WL 5631494 (Fed. Cl. Spec. Mstr. Sept. 20, 2013).  For the reasons set forth below, the undersigned finds petitioners entitled to an interim award of attorney's fees and costs in the amount to which the Secretary does not object.

**I.      Procedural History**

The Lovings, acting pro se, filed their petition on May 9, 2002.  Mr. Dobreff became counsel of record in December 2002.  The process of gathering medical records and obtaining an expert report took several years.  The Lovings filed a report from Dr. Robert M. Shuman on December 23, 2005, and a supplemental report on January 18, 2006.

In her February 27, 2006 Rule 4 report, respondent denied that the Lovings were entitled to compensation and presented a responsive report from Dr. Michael Kohrman.  The Lovings filed a supplemental report from Dr. Shuman, and a hearing was scheduled for November 17, 2006, in Chicago, Illinois.  During this hearing, Dr. Shuman testified but did not complete his testimony.  Dr. Kohrman also testified, providing a response to a portion of Dr. Shuman's testimony.  Then, the hearing was suspended.

Following the first session of the hearing, the Lovings filed another supplemental report from Dr. Shuman and respondent filed a supplemental report from Dr. Kohrman.  With this record, another hearing was held on November 14, 2007, approximately one year after the first.  During the second hearing, both Dr. Shuman and Dr. Kohrman completed their oral testimony.

The parties were given an opportunity to settle the case and also to file post trial briefs.  By the end of June 2008, the parties had submitted their posthearing briefs.  A decision denying compensation was issued on October 6, 2008.  <u>Decision</u>, 2008 WL 4692376 (Fed. Cl. Spec. Mstr. Oct. 6, 2008).

After this decision, the Lovings filed a motion for review with the Court of Federal Claims.  The Court of Federal Claims vacated and remanded the October 6, 2008 decision.  <u>Loving v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 135 (2009).  The Court of Federal Claims decision established a six-part test for determining whether petitioners who allege that a vaccination significantly aggravated an injury that is not listed on the Vaccine Injury Compensation Table are entitled to compensation.  <u>Id.</u> at 144.

On remand, the undersigned determined that the Lovings had established that Camille's condition was worse after receiving the third dose of DTaP, and gave the parties an opportunity to develop evidence "to distinguish problems that the DTaP caused from problems that Camille would have experienced due to her pre-existing infantile spasms. When this process concludes, another decision will issue." Ruling, 2009 WL 3094883 (Fed. Cl. Spec. Mstr. July 30, 2009).

The Lovings filed a motion for reconsideration or clarification of the undersigned's July 30, 2009 ruling. See Pet'rs' Mot., filed Oct. 6, 2009. The undersigned granted only the Loving's motion for clarification and revised the language of his ruling. Ruling, 2010 WL 1076124 (Fed. Cl. Spec. Mstr. Mar. 2, 2010). Following this ruling, the parties each retained a life care planner and began the process of preparing life care plans. The Lovings filed an additional supplemental report from Dr. Shuman and respondent filed another report from Dr. Kohrman in response.

Proceedings slowed dramatically by mid-2011. Petitioners were repeatedly ordered to file status reports and information requested by respondent for the furtherance of settlement discussions. See generally, orders, filed Sept. 28, 2011; Dec. 22, 2011; Apr. 16, 2012; Aug. 24, 2012. The parties sought alternative dispute resolution in early 2013, and requested a 15-week stipulation order on May 7, 2013. The parties filed a joint stipulation for award on September 18, 2013, and the undersigned awarded the compensation set forth therein. Decision, 2013 WL 5631494 (Fed. Cl. Spec. Mstr. Sept. 20, 2014).

On February 19, 2014, petitioners filed their first motion for attorney's fees and costs. After several requests for extension to allow the parties to attempt an informal resolution of petitioners' requested fees and costs, the Secretary filed her response on July 16, 2014. In her response, the Secretary stated that although she does not object to an award for attorneys' fees and costs in the amount of $140,000.00, she objects to the petitioners' request $279,403.07 in expert fees and costs.

During a status conference held on September 2, 2014, the parties expressed an interest in seeking mediation to resolve the expert fees and costs currently in dispute. Taking into consideration this case's long duration and the parties' continued negotiations, the undersigned recommended an interim award of the undisputed amount of attorney's fees and costs. Respondent did not object to the recommendation.

## II.     Analysis

Broadly speaking, there are two issues. The first is whether petitioners should receive any attorneys' fees and costs at this time. The second question is assuming that some award is appropriate, what is a reasonable amount.

### A. Should Petitioner Be Awarded Attorneys' Fees and Costs on an Interim Basis?

Because petitioners were found to be entitled to compensation, they are entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). In Avera v. Sec'y of Health & Human Servs., the Federal Circuit stated that awards of attorneys' fees and costs on an interim basis are permitted in the Vaccine Program. 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Secretary did not raise any objection to an interim award during the September 2, 2014 status conference.

A subsidiary question is whether an award of attorneys' fees and costs should be made now, that is, on an interim basis. This issue involves consideration of various factors, including protracted proceedings, costly experts, and undue hardship. Avera, 515 F.3d at 1351-52; McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300-01 (2011) (discussing Avera factors).

Petitioners satisfy these factors. The case has been pending for over twelve years without any previous award of interim fees and costs. Additionally, petitioners have personally incurred costs and there seems to be little reason to force petitioners to wait for reimbursement of these costs while the remaining disputed expert fees and costs are resolved. Consequently, petitioners will be awarded the undisputed amount of attorneys' fees and costs on an interim basis.

### B. What Is A Reasonable Amount of Attorneys' Fees and Costs?

The second issue is determining a reasonable amount for attorneys' fees and costs. The Lovings seek an award of $145,087.69 in attorneys' fees and costs, and $5,950.00 as reimbursement for costs they personally incurred in proceeding on the petition in this matter. The Secretary does not object to an award of $140,000.00

4

for attorneys' fees and costs and $1,150.00 for costs personally incurred by the Lovings.[2]

A review of the material indicates that the components of the Lovings' request are reasonable. They are awarded the amount to which the Secretary has not objected, $1,150.00 for petitioners' personally incurred costs and $140,000.00 in attorneys' fees and costs.

### III.   Conclusion

Petitioners are entitled to an award of interim attorneys' fees and costs. The special master determines that there is no just reason to delay the entry of judgment on interim attorneys' fees and costs.

After reviewing the request, petitioners are awarded the following:

**a. A lump sum of $140,000.00 in the form of a check made payable to petitioners, Christopher and Carla Loving, and petitioners' counsel , William Dobreff, from the law firm of Dobreff & Dobreff, for interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

**b. A lump sum of $1,150.00, payable to petitioners, Christopher and Carla Loving, for costs they incurred in pursuit of their petition.**

The Clerk shall enter judgment accordingly.[3]

---

[2] Respondent states in her objection that it is unclear whether the additional $4,800.00 requested by petitioners for personally incurred costs was expended on litigation costs rather than treatment for Camille. Respondent notes that the payments made by petitioners appear to have occurred before Dr. Shuman stated that he was retained to act as their expert in 2004. See Resp't's Opp'n, filed July 16, 2014, at 2 n.2-3.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

                                              <u>s/Christian J. Moran</u>
                                              Christian J. Moran
                                              Special Master